UNITED STATES DISTRICT COURT
FOR THE STATE OF NEW HAMPSHIRE

PLAINTIFF ALLAN LEWIS
    PRO SE
12 MUNDY LANE
DERRY N.H 03038

DEMAND FOR JURY TRIAL

    v.

MARK HOWARD
CHIEF JUSTICE OF THE
N.H. SUPERIOR COURT DIVISION.
1 GRANITE PLACE SUITE N400
CONCORD N.H. 03301

CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. 1983 EST.

COMPLAINT ALLEGES ABUSE OF POWER UNDER THE COLOR OF LAW, BY STRAFFORD COUNTY SUPERIOR COURT, AND THE N.H. SUPERIOR COURT JUDICIAL DIVISION, IN THE MATTER OF LEWIS V. BRIAR RIDGE ESTATES LLC ---- CASE # 219-2020-CV-0065 AND CASE # 219- 2024 -CV-0067 IN THE STATE OF NEW HAMPSHIRE UNDER RSA 540a

COMPLAINT ALLEGES THAT STRAFFORD COUNTY SUPERIOR COURT AND THE N.H. SUPERIOR COURT DIVISION HAS USED THEIR OFFICE'S UNDER THE COLOR OF LAW TO CONSPIRE WITHIN THEMSELVES TO USE A ----*NULLITY BY STATUTE* ---- <u>TO JUSTIFY THE DEPRIVAL OF THE PLAINTIFFS LEGAL RIGHTS AS A DEFENDANT IN A LANDLORD / TENANT DISPUTE, TO HAVE HIS CASE HEARD BEFORE A COURT WITHIN STRAFFORD COUNTY, THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION TO LITIGATE A LANDLORD / TENANT DISPUTE, WHICH IS ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION.</u>

THE PLAINTIFF ALLEGES THAT STRAFFORD COUNTY SUPERIOR COURT IS ACTING LIKE A KANGAROO COURT, AND IS COMPLETELY BIAS AGAINST THE PLAINTIFF, BASED ON THE LEGAL FACT THAT NEITHER STRAFFORD COUNTY SUPERIOR COURT, OR THE N.H. SUPERIOR COURT DIVISION <u>HAS EVER PROVEN BY ANY LAW, STATUTE , REGULATION, LEGAL AUTHORITY,  PRIVILEGE OR JUDICIAL DISCRETION, THAT STRAFFORD COUNTY SUPERIOR COURT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION THAT IS REQUIRED BY STATUTE UNDER RSA 540a TO LITIGATE ANY ISSUES ON THE MERITS OF A  LANDLORD/ TENANT DISPUTE IN THE STATE OF NEW HAMPSHIRE.</u>

JUST BECAUSE THE CLERK OF COURTS FOR STRAFFORD COUNTY SUPERIOR COURT ACCEPTED THE LANDLORD / TENANT DISPUTE IN STRAFFORD COUNTY SUPERIOR COURT DURING THE COVID EPIDEMIC, INSTEAD OF REQUIRING THE PLAINTIFF'S TO FILE THEIR LANDLORD / TENANT DISPUTE IN ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION, DOESN'T AUTOMATICALLY GRANT STRAFFORD COUNTY SUPERIOR COURT THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION THAT IS REQUIRED IN A LANDLORD / TENANT DISPUTE TO LITIGATE ANY ISSUE ON THE MERITS OF A LANDLORD / TENANT DISPUTE UNDER RSA 540a IN THE STATE OF NEW HAMPSHIRE.

BY STATUTE UNDER RSA540a ---<u>THE ONLY COURT DIVISION THAT HAS THE EXCLUSICE PROPER SUBJECT MATTER JURISDICTION IN A LANDLORD / TENANT DISPUTE IN ROCHESTER NEW HAMPSHIRE, IS ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION AS A MATTER OF LAW.</u>

AND WHEN QUESTIONED ABOUT THE LACK OF EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION WHICH IS REQUIRED IN A LANDLORD / TENANT DISPUTE, THE CLERK FOR STRAFFORD COUNTY SUPRIOR COURT FOUND THE PLAINTIFF IN DEFAULT, FOR FAILING TO FILE AN APPEARANCE WITH THE TRIAL COURT, ALLEGING THAT THE LANDLORD / TENANT DISPUTE IS A SEPARATE CAUSE OF ACTION, REQUIRING A SEPARATE APPEARANCE TO BE FILED, AND CLOSED THE CASE. -- *<u>Rule #17 allows for the Plaintiff's Complaint filed on February 10, 2020 in Case # 219-2020-CV-00065, which was already Accepted and Pending before the Trial Court to also serve as his Appearance in the Eviction Hearing Proceedings.</u>*

FINALLY, THE PLAINTIFF RETURNED TO STRAFFORD COUNTY SUPERIOR COURT, AND FILED A PETITION WITH THE TRIAL COURT ----<u>CHALLENGING THE LEGAL AUTHORITY OF STRAFFORD COUNTY SUPERIOR COURT IN A LANDLORD/ TENANT DISPUTE TO SHOW WHAT LAW, STATUTE, REGULATION, OR LEGAL AUTHORITY THAT GIVES STRAFFORD COUNTY SUPERIOR THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION THAT IS NEEDED TO LITIGATE A LANDLORD / TENANT DISPUTE UNDER RSA 540a IN THE STATE OF NEW HAMPSHIE.</u>

BECAUSE WITHOUT STRAFFORD COUNTY SUPERIOR COURT PROVING ANY LAW, STATUTE, REGULATION, OR LEGAL AUTHORITY WHICH SHOWS THAT STRAFFORD COUNTY SUPERIOR COURT ALSO SHARES THE SAME EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION WITHIN THE STATE OF NEW HAMPSHIRE AS THE DISTRICT COURTS, TO LITIGATE THE MERITS OF A LANDLORD / TENANT DISPUTE,--- <u>ANY AND ALL JUDGMENT, VERDICT, OR DECREE INCLUDING THE WRIT OF POSSESSION FROM STRAFFORD COUNTY SUPERIOR COURT THAT ARE IN THE TRIAL COURT RECORD ARE ALL *NULLITIES BY STATUTE* AND MUST BE REMOVED FROM THE TRIAL COURT RECORD AS A MATTER OF LAW.</u>

ON NOVEMBER 14, 2024, STRAFFORD COUNTY SUPERIOR COURT JUSTICE ANDREW B. LIVERNOIS WROTE.

*<u>THIS CASE WAS FULLY LITIGATED IN THE SUPERIOR COURT DIVISION, AND THE DEFENDANT HAS NOT PROVIDED ANY LEGAL BASIS FOR REOPENING THIS CASE.</u>*

THIS FAILURE OF SUPERIOR COURT JUSTICE LIVERNOIS TO SHOW EITHER BY LAW, STATUTE, REGULATION, LEGAL AUTHORITY OR JUDICIAL DISCRETION THAT STRAFFORD COUNTY SUPERIOR COURT ALSO HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICRTION THAT IS REQUIRED TO LITIGATE A LANDLORD/ TENANT DISPUTE WAS FINALLY BROUGHT TO THE ATTENTION OF THE N.H. SUPREME COURT UNDER A WRIT OF PROHIBITION ( BEING THE ONLY APPELLATE COURT FOR THE STATE OF NEW HAMPSHIRE ) CASE # 2024-0597 REQUESTING FOR THE N.H. SUPREME COURT TO REQUIRE FOR STRAFFORD COUNTY SUPERIOR COURT, OR THE N.H. SUPERIOR COURT DIVISION, <u>TO PROVE NOT BY WORDS, OR THE POWER OF THEIR OFFICE, BUT BY LAW, STATUTE, LEGAL AUTHORITY, PRIVALEGE, OR JUDICIAL DISCRETION, THAT STRAFFORD COUNTY SUPERIOR COURT HAS THE LEGAL AUTHORITY WITHIN THE STATE OF NEW HAMPSHIRE TO LITIGATE THE MERITS OF A LANDLORD / TENANT DISPUTE COURT CASE # 2024-0597---- WHICH WAS DENIED ON-DECEMBER 18, 2024</u>

*CITING ---ELLIOT V. PIERSOL 1 PET. 328,340,26 US. 328 –THE U.S SUPREME COURT RULED THAT "IF A COURT IS WITHOUT (LEGAL AUTHORITY) ITS JUDGMENTS AND ORDERS ARE REGUARDED AS NULLITIES THEY ARE NOT VOIDABLE, BUT SIMPLY VOID, THEY CONSTITUTE NO JUSTIFFIATION AND ALL PERSONS CONCERNED IN THE EXECUTING SUCH JUDGMENTS ARE CONSIDERED, IN LAW, AS TRESSPASSERS*

THE WRITTEN WORDS OF SUPERIOR COURT JUSTICE ANDREW LIVERNOIS, MAKES IT VERY CLEAR THAT THE N.H. SUPERIOR COURT DIVISION, HAS CONTINUALLY ABUSED THEIR JUDICIAL POWERS FOR YEARS, BY CONTINUING TO WORK OUTSIDE OF THERE LEGAL AUTHORITY IN AN ATTEMPT TO DEFRAUD THE PLAINTIFF BY THE USE A *NULLITIE BY STATUTE* <u>TO DEPRIVE THE PLAINTIFF FROM HIS LEGAL RIGHT TO HAVE HIS LANDLORD /TENANT DISPUTE HEARD BEFORE A TRIAL COURT THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION IN A LANDLORD / LENANT DISPUTE WITHIN THE STATE OF NEW HAMPSHIRE.</u>

42 U.S.C. 1983 ---Whoever, under color of any Law, Statute, Ordinance, Regulation, or Custom, willfully subject any person in any State, Territory, Commonwealth, Possession, or District to the Deprivation of any Rights, Privileges, or Immunities secured by the Constitution and Laws shall be liable to the party injured.

**The Case also has Merit in Federal Court under the Fourteenth Amendment states that ---No STATE shall Deprive any person of Life, Liberty, or Property, without Due Process of Law, and the Equal Protection under those Laws ---the Law which is in question is R.S.A.540a and R.S.A. 205a**

WITH THE DENIAL OF THE PLAINTIFF'S WRIT OF PROHIBITION BY THE N.H SUPREME COURT ON DECEMBER 18, 2024, AS A PRO-SE PLAINTIFF, THE PLAINTIFF BELIEVES THAT HE HAS COMPLETELY EXHAUSTED ALL LEGAL AVANUES AND VENUES FOR RELIEF IN THE STATE COURT'S FOR THE STATE OF NEW HAMPSHIRE, AND NOW SEEK RELIEF IN THE FEDERAL COURT SYSTEM.

**U.S. Civil Rights allow Federal Court Jurisdiction when a citizen is DENIED or CANNOT Enforce in the Courts of such State, a Rights under any LAW providing for the Equal Civil Rights of Citizens of the United States.**

PLAINTIFF ALLEGES A VIOLATION OF HIS FOURTHEENTH AMENDMENT RIGHT BY THE N.H. SUPERIOR COURT DIVISION ---WHEN THE N.H. SUPERIOR COURT DIVISION USED THEIR OFFICE UNDER THE COLOR OF LAW, TO PLACE A KNOWN *NULLITIE BY STATUTE* INTO THE TRIAL COURT RECORD TO <u>DEPRIVE THE PLAINTIFF FROM HIS LEGAL RIGHTS AS A DEFENDANT IN A LANDLORD / TENANT DISPUTE TO HAVE HIS LANDLORD / TENANT DISPUTE HEARD BEFORE A TRIAL COURT THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION WITHIN THE STATE OF NEW HAMPSHIRE</u>

N.H. SUP. COURT PLAIN RULE 16 -A -----THERE ARE THREE CRITERIA'S THAT MUST BE MET IN ORDER FOR THE PLAINTIFF TO SHOW THAT THERE IS A PLAIN FUNDAMENTAL JURISDICTIONAL ERROR *NULLITY BY STATUTE* IN THE TRIAL COURT RECORD WHICH MUST BE REMOVED.

   ( #1) THERE MUST BE AN ERROR
   (#2) THE ERROR MUST BE PLAIN,
   AND (#3 ) THE ERROR MUST AFFECT SUBSTAINTIAL RIGHTS AND FAIRNESS OF THE TRIAL
     COURT ---STATE v. THOMAS 168 N.H. 589, 604 ( 2026 ).

AND IF ALL THREE CRITERA ARE MET, AND THE PLAINTIFF CAN SHOW THE FOURTH CRITERA THAT THIS JURISDICTIONAL PLAIN ERROR ( *NULLITIE BY STATUTE* ) SERIOUSLY AFFECTS THE FAIRNESS, INTEGERITY, AND THE PUBLIC REPUTATION OF THE JUDICIAL PROCEEDING.

. **THE PLAINTIFF HAS PRESENTED A PRIMA FACIE CASE THAT SHOWS THAT STRAFFORD COUNTY SUPERIOR COURT AND THE N.H. SUPERIOR COURT DIVISION HAS CONSPIRED WITHIN THEMESELVES TO VIOLATE THE PLAINTIFF'S CIVIL RIGHTS UNDER 42 USC 1983 ---BECAUSE ONCE THE PLAINTIFF CALLED INTO QUESTION THE LEGAL AUTHORITY OF THE TRIAL COURT ( STRAFFORD COUNTY ) IN A LANDLORD / TENANT DISPUTE INTO QUESTION-----THE N.H. SUPERIOR COURT DIVISION HAD A LEGAL DUTY TO PROVE, NOT BY WORDS, OR POWER OF THEIR OFFICE,  BUT BY A LAW, STATUTE, PRIVILEGES OR LEGAL JURISDICTION---- <u>THAT STRAFFORD COUNTY SUPERIOR COURT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION THAT IS NEEDED TO LITIGATE A LANDLORD / TENANT DISPUTE  WITHIN THE STATE OF NEW HAMPSHIRE .</u>**

**IN ORDER TO SHOW AN ABUSE OF POWER UNDER THE COLOR OF LAW BY THE N.H. SUPERIOR COURT DIVISION,  THE PLAINTIFF MUST SHOW THAT THE N.H. SUPERIOR COURT DIVISION KNOWNLY PLACD A *NULLITIE BY STATUTE* --- INTO THE SUPERIOR COURT'S TRIAL COURT TO PREVENT THE PLAINTIFF ( AS A DEFENDANT IN A LANDLORD/ TENANT DISPUTE ) FROM HAVING HIS LANDLORD / TENANT DISPUTE HEARD IN A COURT THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION WITHIN THE STATE OF NEW HAMPSHIRE IN A LANDLORD / TENANT DISPUTE--- THE PLAINTIFF MUST SHOW THAT ALL THREE CRITERIA'S FOR A PLAIN FUNDAMENTAL ERROR HAVE BEEN MET**

   **# 1 <u>THERE MUST BE AN ERROR</u>-------BY STATUTE UNDER RSA 540 ----AS A RESIDENT OF ROCHESTER N.H. ANY LANDLORD / TENANT DISPUTE IN ROCHESTER N.H  MUST BE FILED IN THE ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION.**

   **#2  <u>THE ERROR MUST BE PLAIN</u> – WRONG COURT ---UNDER RSA 540a ---STRAFFORD COUNTY SUPERIOR COURT IS NOT A DISTRICT COURT FOR THE STATE OF NEW HAMPSHIRE, AND THEREFORE LACKS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION THAT IS REQUIRED IN A LANDLORD / TENANT DISPUTE UNDER RSA 540a TO LITIGATE ANY ISSUE ON THE MERITS OF A LANDLORD / TENANT DISPUTE AS A MATTER OF N.H. LAW.**

   **# 3  <u>THE ERROR MUST AFFECT SUBSTAINTIAL RIGHTS AND FAIRNESS OF THE TRIAL COURT ---STATE v. THOMAS 168 N.H. 589, 604 ( 2026 ).</u> ---THE PLAINTIFF WAS DEPRIVED OF HIS CONSTITITIONAL RIGHTS WITHIN THE STATE OF NEW HAMPSHIRE TO DEFEND HIMSELF IN A COURT OF LAW, THAT HAD THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION IN A LANDLORD  / TENANT DISPUTE <u>WHICH IS ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION AS A MATTER OF LAW.</u>**

THE LEGAL FACT THAT NEITHER STRAFFORD COUNTY SUPERIOR COURT, OR THE N.H. SUPERIOR COURT DIVISION HAS EVER PROVEN BY <u>ANY LAW, STATUTE, REGULATION, PRIVILEGE, OR LEGAL AUTHORITY THAT STRAFFORD COUNTY SUPERIOR COURT HAS THE LEGAL AUTHORITY WITHIN THE STATE OF NEW HAMPSHIRE, TO LITIGATE ANY ISSUE ON THE MERITS OF A LANDLORD / TENANT DISPUTE IN THE STATE OF NEW HAMPSHIRE AS DEFINED UNDER RSA 540a.</u>

THE FACT THAT STRAFFORD COUNTY SUPERIOR COURT HAS FAILED TO PROVIDE THE PLAINTIFF WITH ANY LAW, STATUTE, PRIVALEGE OR LEGAL AUTHORITY, TO JUSTIFY THE LEGAL AUTHORITY OF THE TRIAL COURT IS THE BASIS FOR THIS CIVIL RIGHTS COMPLAINT BECAUSE WITHOUT LEGAL AUTHORITY --- <u>ANY JUDGEMENT, VERDICT OR DECREE FROM STRAFFORD COUNTY SUPERIOR THAT ARE IN THE TRIAL COURT RECORD INCLUDING THE WRIT OF POSSESSION ARE ALL VOID ( *NULLITIE BY STATUTE* ) AS A MATTER OF N.H. LAW AND MUST BE REMOVED FROM THE TRIAL COURT RECORD,</u>

AND THE FACT THAT WHEN QUESTIONED BY THE PLAINTIFF UNDER THE PETITION CHALLENGING THE LEGAL AUTHORITY OF STRFFORD COUNTY SUPERIOR COURT IN A LANDLORD / TENANT DISPUTE,------ SUPERIOR COURT JUSTICE LIVERNOIS REFUSED TO PROVIDE ANY LAW, STATUTE, PRIVALEGE OR LEGAL AUTHOITY TO PROVE THAT STRAFFORD COUNTY SUPERIOR COURT HAS THE LEGAL AUTHORITY TO LITIGATE THE MERITS OF A LANDLORD / TENANT DISPUTE IN THE STATE OF NEW HAMPSHIRE, AND ON NOVEMBER 14, 2024, STRAFFORD COUNTY SUPERIOR COURT JUSTICE ANDREW B. LIVERNOIS WROTE.

> *<u>THIS CASE WAS FULLY LITIGATED IN THE SUPERIOR COURT DIVISION, AND THE DEFENDANT HAS NOT PROVIDED ANY LEGAL BASIS FOR REOPENING THIS CASE.</u>*

THIS FINAL DENIAL BY SUPERIOR COURT JUSTICE ANDREW LIVERNOIS IS THE LEGAL BASIS ( PRIMA FACIE EVIDENCE ) FOR A CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. 1983, FOR ABUSE OF POWER, AND THE INFLICTION OF EMOTIONAL DISTRESS BY THE N.H. SUPERIOR COURT DIVISION – <u>BY THE USE OF THEIR OFFICE TO DEPRIVE THE PLAINTIFF OF HIS S CIVIL RIGHTS AS A DEFENDANT IN A LANDLORD / TENANT DISPUTE, TO HAVE HIS LANDLORD /TENANT DISPUTE HEARD BEFORE A TRIAL COURT THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION WITHIN THE STATE OF NEW HAMPSHIRE TO LITIGATE THIS LANDLORD / TENANT DISPUTE.</u>

## JUDICIAL STATEMENT

THE U.S DISTRICT COURT HAS THE PROPER SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1331 BECAUSE IT PRESENTS A FEDERAL QUESTION UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES

**THE LEGAL REASONS WHY THIS CASE NEEDS TO BE REMANDED TO ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION**

THE DEFENDANTS NEVER FILED A TENANT / LANDLORD WRIT AGAINST THE PLAINTIFF IN ROCHESTER DISTRICTCOURTS LANDLORD / TENANT DIVISION, THEREFORE THERE ARE NO PENDING EVICTION PROCEEDINGS AGAINST THE PLAINTIFF AND THE PLAINTIFF IS ENTITLED TO

>(#1) CHALLENGE THE VIOLATION OF THE MONTH TO MONTH RENTAL AGREEMENT WITH THE DEFENDANTS IN ROCHESTER DISTRICT'S COURTS LANDLORD / TENANT DIVISION.

>( #2 ) CHALLENGE THE ILLEGAL EVICTION OF THE APPELLANT WITHOUT NOTICE AND JUST CAUSE AS DEFINED UNDER RSA 540a. IN ROCHESTER DISTRICT'S COURTS LANDLORD / TENANT DIVISION.

>(#3) CHALLENGE THE VIOLATION OF RSA 540.13B –RETALIATION BY THE DEFENDANTS, AFTER THE TRIAL COURT ( SCSC )  ORDERED THE DEFENDANTS TO REPAIR THE WATER METER.—THE DEFENDANTS RETALIEATED BY FILING A NOTICE OF EVICTION AGAINST THE PLAINTIFF IN STRAFFORD COUNTY SUPERIOR COURT WITHIN 10 WITHOUT JUST CAUSEAS DEFINED UNDER RSA 540a

>(#4 ) CHALLENGE THE ILLEGAL BREAKING AND ENTERING BY THE DEFENDANT'S INTO THE PLAINTIFF'S LEASED MOBILE HOME AT 37 CORMIERS DRIVE ROCHESTER N.H WITHOUT JUST CAUSE AS DEFINED UNDER RSA 540a OR RSA 205a.

>(#5) CHALLENGE THE ILLEGAL REMOVAL AND DISPOSAL OF ALL OF  THE PLAINTIFF'S PERSONAL PROPERTY AND POSSESSIONS FROM BRIAR RIDGE ESTATES WITHOUT JUST CAUSE AS DEFINED UNDER RSA 540a AND RSA 205a.  IN ROCHESTER DISTRICT'S COURTS LANDLORD / TENANT DIVISION

WHEREFORE THE PLAINTIFF RESPECTFULLY REQUEST

FIND THAT THE N.H. SUPERIOR COURT DIVISION HAS USED ITS OFFICE UNDER THE COLOR OF LAW TO PLACE A *NULLITIE BY STATUTE* INTO THE TRIAL COURT RRECORD, AND HAS VIOLATED THE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C.1983 BY DEPRIVING THE PLAINTIFF OF HIS CIVIL RIGHTS TO HAVE HIS LANDLORD / TENAND DISPUTE, HEARD BEFORE A TRIAL COURT THAT HAS THE EXCLUSIVE PROPER SUBJECT MATTER JURISDICTION IN THE STATE OF NEW HAMPSHIRE .

FIND THAT THE SUPERIOR COURT DIVISION MUST REMAND THIS CASE BACK TO STRAFFORD COUNTY SUPERIOR COURT DIVISION AND ORDER STRAFFORD COUNTY SUPERIOR COURT TO REMOVE THE WRIT OF POSSESSION (NULLITIE BY STATUTE ) AGAINST THE PLAINTIFF IN THE TRIAL COURT RECORD.

FIND THAT STRAFFORD COUNTY SUPERIOR COURT MUST REMAND THIS CASE TO ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION FOR A FULL LANDLORD / TENANT DISPUTE BEFORE ROCHESTER DISTRICT COURT'S LANDLORD / TENANT DIVISION AS A MATTER OF LAW.

Respectfully Submitted    Allan Lewis 12 Mundy Lane Derry N.H. 03038

E-Mail –Lewisal1@live.com    Cell Phone 603-973-5941